**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Johnson, | No. CV-12-0881-TUC-DTF |
| Petitioner, | **ORDER** |
| vs. | |
| Warden Louis Winn, | |
| Respondent. | |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2241. Petitioner, Larry Johnson, who is confined in the United States Penitentiary in Tucson, AZ, alleges that the Bureau of Prisons (BOP) is violating its duty to provide him a sentence calculation correction. Before the Court are the Petition (Doc. 1), Respondent's Answer (Doc. 13), and a Reply (Doc. 18). Petitioner also has filed a Motion to Strike portions of Respondent's Answer. (Doc. 19.)

**Background**

Petitioner was sentenced on August 12, 1996, in the Eastern District of Pennsylvania for 1 count of conspiracy to commit armed carjacking in violation of 18 U.S.C. § 371 (Count 1), to 151 months imprisonment; 1 count of carrying a firearm during a violent crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1), 2 (Count 5), to 60 months imprisonment consecutive to Count 1; 7 counts of motor vehicle theft–carjacking and aiding and abetting in violation of 18 U.S.C. §§ 2119, 2 (Counts 2, 4, 6, 8, 10, 12, 14), to 151 months each, concurrent

1 with each other and Count 1; and 5 counts of carrying a firearm during a violent crime and
2 aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1), 2 (Counts 7, 9, 11, 13, 15), to 240
3 months each, consecutive to each other and Counts 1 and 5. (Doc. 13, Ex. 1, Attach. 1.) This
4 amounts to a total sentence of 1411 months. Johnson is projected for release on April 8, 2097,
5 via good time conduct credits. (*Id.*, Ex. 2, Attach. 5.)

6 Respondent concedes that Petitioner has exhausted his administrative remedies as to the
7 one claim in this case. (Doc. 13 at 7.)

## Discussion of Petition

9 Johnson argues that the BOP has failed in its duty to refer a sentence discrepancy to the
10 United States Attorney for correction. This argument is based on BOP Policy Statement
11 5880.28:

> Any Judgment and Commitment or other court order that requires a sentence to be computed in a manner not consistent with the instructions contained in this manual shall be referred to the appropriate Regional Inmate Systems Administrator.
>
> . . . .
>
> Each judgment and commitment must be carefully monitored to assure that a sentence imposed under 18 U.S.C. § 3559 or 3581 is within the time range of the violated statute. Any discrepancy as to the length of the imposed sentence should be referred to the U.S. Attorney as outlined in the <u>Inmate Systems Management Manual</u>.

Petitioner contends he should have been indicted and sentenced under the criminal statutes in effect at the time of the offenses but the law was amended thereafter and he was charged and sentenced under the amended statutes.[1] He argues this violated his rights under the *ex post facto* clause. Petitioner calculates that his sentence was unlawfully imposed under the wrong statutes

---

[1] Specifically, Petitioner argues that at the time he committed his crimes (between July 26 and August 21, 1994), the carjacking statute embedded the use of a firearm within the car theft charge, 18 U.S.C. § 2119. The statute was subsequently amended to remove the element of "possessing a firearm." He contends that this change allowed for a separate firearms charge under § 924(c), which provided for consecutive sentences. Because his crimes occurred prior to the amendment, he argues he should not have been charged and sentenced under § 924(c) but solely under § 2119 as it existed in July and August 1994. *But see United States v. Martinez*, 49 F.3d 1398 (9th Cir. 1995) (finding convictions for violating both § 2119, pre-1994 amendment, and § 924(c) proper), *superseded by statute on other grounds, San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121 (9th Cir. 1996).

1   and exceeds a lawful sentence by 105 years.

2   Respondent argues that Petitioner's claim is not properly brought in this Court as one
3   under § 2241, but rather only may be brought as a claim under § 2255 in the sentencing
4   jurisdiction. Pursuant to § 2255, a prisoner may seek relief from the court that imposed his
5   sentence if he is:

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). In contrast, challenges to "the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

Although Petitioner couches his claim as one of sentence execution – contending the BOP has a duty to make sure the sentence comports with the statute he violated – his actual dispute is with the statutes under which he was indicted, convicted and sentenced.[2] Because Petitioner contends his sentence is unlawful and violates the Constitution and/or the sentence exceeds that allowed by law, this claim fits squarely with the parameters of a § 2255 claim. Petitioner acknowledges that § 2255 is a proper avenue for relief. He argues, however, that it also is brought properly under § 2241 because BOP is failing to alert the United States Attorney that his sentence is unlawful. Johnson's argument is flawed. He does not argue that the sentence imposed, and as being carried out by the BOP, exceeds the statutory limit for the crimes of which he was convicted, which could implicate Policy Statement 5880.28. Rather, he contends the prosecutor brought charges under criminal statutes not applicable at the time he committed the crimes and the sentencing court imposed punishment based on these unlawful charges. To the extent this could be brought as a § 2241 petition, it is without merit. Petitioner is serving a

---

[2] As stated in his reply, "BOP is calculating his sentence in excess of the statute which he had been convicted [sic] **due to improper use of the sentencing guidelines by the district court**." (Doc. 18 at 3 (emphasis added).) When read in entirety, it is clear that Johnson's claim is not based on application of the United States Sentencing Commission Guidelines but on the statutes under which he was sentenced.

- 3 -

proper sentence for the crimes of which he was convicted, therefore, the BOP has not failed in its duty under Policy Statement 5880.28.

Johnson's petition appears to be more appropriately treated as a § 2255 challenge to the legality of his sentence, which this Court cannot entertain unless the statutory savings clause is satisfied. Section 2255(e) provides that a writ of habeas corpus under § 2241 may be brought if the remedy available by a § 2255 motion is "inadequate or ineffective to test the legality of his detention." This escape hatch is satisfied if a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). Petitioner does not argue that he satisfies this criteria; however, because this is a matter of jurisdiction, the Court evaluates the exception.[3]

Arguably, Petitioner is claiming that he is actually innocent of certain charges that he contends were not applicable at the time of his crimes. However, there is no evidence or even argument that Johnson can satisfy the second prong, which requires that the legal basis for the claim arose after the time for direct appeal and a first § 2255 motion. *See Harrison*, 519 F.3d at 960. Petitioner's argument is based on statutory amendments that occurred in late 1994, prior to his 1996 sentencing. Therefore, he was not denied an unobstructed procedural opportunity to present this claim to the sentencing court. Because the remedy available under § 2255 was not inadequate or ineffective to test the legality of his detention, Johnson could not bring a § 2255 challenge in a § 2241 petition. Accordingly, the Court lacks jurisdiction to hear this action.

When a court lacks jurisdiction over a civil case it shall transfer the matter to a court in which it could have been brought at the time it was filed, if it is "in the interest of justice." 28 U.S.C. § 1631. Petitioner previously filed a § 2255 in the United States District Court for the Eastern District of Pennsylvania, which was denied. (Doc. 13, Ex. 1, Attach. 1, ¶ 4.) In order

---

[3] Petitioner previously filed a § 2241 motion in this Court explicitly based on the savings clause of § 2255, which the Court found he had not satisfied and the action was dismissed for lack of jurisdiction. *Johnson v. Apker*, No. 11-CV-0071-FRZ-HCE (D. Ariz. filed Jan. 26, 2011).

- 4 -

to file a subsequent § 2255 petition, he would need to seek permission from the Third Circuit. 28 U.S.C. §§ 2244, 2255(h). He has sought such permission once, which was denied. (Doc. 13, Ex. 1, Attach. 1, ¶ 4.) Because Petitioner did not have the right to bring this action in the district court in which he was sentenced, transfer pursuant to § 1631 is not allowed. Further, because neither party requested a transfer and Johnson's claim lacks merit, *see supra* n.1, the Court finds transfer would not be in the interest of justice.

## Motion to Strike

Petitioner moves to strike the portions of Respondent's Answer that discuss sexual offenses allegedly committed by Petitioner, for which he was not convicted, during the 1994 carjackings. Petitioner contends the references are irrelevant to these proceedings. The Court agrees. The Court does not consider or discuss any of these alleged offenses in considering Johnson's petition. The Court will grant the motion to strike to the extent the Court does not consider any of this material in reaching its decision. Further, the Court notes that the Presentence Report containing additional information about these alleged sexual offenses was filed under seal.

## Certificate of Appealability

A certificate of appealability is not needed for a § 2241 petition, but is required for a § 2255 motion. 28 U.S.C. § 2253(c). Because the Court finds the petition is most reasonably classified as a § 2255 motion, the Court assesses whether to issue a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Cases. The Court denies a certificate of appealability finding that reasonable jurists could not debate the resolution of this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Strike (Doc. 19) is **GRANTED** as set forth in this Order.

**IT IS FURTHER ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

1 **IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close
2 this case.
3       **IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section
4 2255 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of
5 appealability.
6       DATED this 4th day of October, 2013.

D. Thomas Ferraro
United States Magistrate Judge